UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEE MADER, ET AL                          CIVIL ACTION

VERSUS                                    NO. 12-2530

STEIN MART, INC.                          SECTION "C" (4)


ORDER AND REASONS

The Court previously ordered briefing on whether the jurisdictional amount

existed at the time of removal.  After memoranda were filed, the Court ordered

supplemental memoranda to provide the evidentiary support for the previously-filed

memoranda.  Rec. Doc. 11.  Having determined that the defendant has not shown that

subject matter jurisdiction exists, this matter is hereby REMANDED to state court

pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.

Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

In this matter, the plaintiff allegedly suffered injuries when she tripped and fell in a dressing room in a store owned by the defendant on August 26, 2011.  She underwent an open reduction of an ankle fracture with the placement of a plate and screws on August 11, 2011.   Suit was filed in state court on August 23, 2012, and

removed on October 17, 2012, based on diversity jurisdiction.

In her memorandum, the plaintiff alleges that a total of $18,311.22 in medical bills have been incurred.  Prior to removal, counsel for the plaintiff offered to settle the case for $70,000 in addition to medical costs.  Exh. 8-1.

The Court does not find that the jurisdictional minimum is facially apparent from the petition in this matter.   The Court also finds that the defendants have not made a showing sufficiently particularized to support this Court's subject matter jurisdiction. Despite being afforded an additional opportunity, neither party provides the Court with any proof that the plaintiff is suffering any disability as a result of this accident.  In addition, neither party has provided the Court with caselaw indicating that damages for this type of injury will exceed the jurisdictional minimum.  The fact that an offer of settlement was made can not be determinative in the absence of medical documentation of disability or other support; otherwise, subject matter jurisdiction could be effectively conferred by consent.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter

jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C

*Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is REMANDED to

the 24th  Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a

lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 31st   day of January, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4